UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Case No.:

LUZ M. PENA DE MORENO,

    Plaintiff,

v.

WALMART, INC.

    Defendant.

_____:

**COMPLAINT**

COMES NOW the Plaintiff, LUZ M. PENA DE MORENO, by and through her undersigned attorney and sues the Defendant, WALMART, INC, and alleges.

1. This is an action seeking damages in excess of seventy five thousand dollars $75,000.00, exclusive of interest, costs, and attorney's fees.

2. That at all times material hereto the Plaintiff, LUZ M. PENA DE MORENO, (hereinafter "MORENO"), is domiciled and is a resident of Lee County, Florida and is otherwise sui juris.

3. That at all times material hereto the Defendant, WALMART, INC, (hereinafter "WALMART"), is a foreign corporation, does conduct business in the State of Florida, and at all times material hereto is doing business in Lee County, Florida.

4. That at all times material hereto the Defendant, WALMART, operated, conducted, engaged in or carried on a business venture in this state; and/or had an office or agency in this state; and/or engaged in substantial activity within this state; and or committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181, or 48.493.

5. All conditions precedent for filing and maintaining this action have occurred, been performed, or have otherwise been waived.

## COUNT I – NEGLIGENCE

6. The Plaintiff, MORENO, adopts and realleges paragraphs 1 through 5 as if fully set forth herein.

7. That on or about June 8, 2021, the Defendant, WALMART, owned, controlled, operated, maintained and/or was otherwise responsible for the subject premises located at 2523 Lee Boulevard, Lehigh Acres, FL 33971, which is/was used as a store.

8. That on or about June 8, 2021, the Plaintiff, MORENO, was entering the Defendant, WALMART, property in order to shop as a guest/client and therefore, was a lawfully on said premises as an invitee.

9. That at said time and place, as the Plaintiff, MORENO, was turning out of an aisle, she suddenly and unexpectedly slipped and fell upon slippery transitory substance.

10. That the Defendant, WALMART, negligently maintained the floors of its premises by allowing the transitory substance to exist in such a manner that those on the property would foreseeably be caused to slip on said substance and sustain injuries.

11. That at all times material hereto, the Defendant, WALMART, had a duty to maintain the common areas, including the subject floor in a reasonably safe manner.

12. At all times material hereto, the Defendant, WALMART, had a duty to maintain and inspect its premises including but not limited to its floors/hallways in a safe condition and keep them free of any slipping conditions.

13. That the Defendant, WALMART, negligently failed to properly maintain and inspect its common areas including the floor to keep it free of any dangerous slipping conditions.

14. That at all times material hereto, the Defendant, WALMART, had a legal duty, including but not limited to the following:

    a. To maintain the common areas including the mall entrance in a safe condition and keeping them free of any dangerous slipping conditions;
    b. To inspect its floor to keep it free of any dangerous slipping conditions;
    c. To use reasonable care in keeping the subject premises and its common areas including floor free of any hazardous conditions and slipping hazards known to exist; and
    d. To warn the Plaintiff, MORENO, of any dangerous conditions and slipping hazards on the subject property.
    e. To install and put down the proper tile and/or flooring outside its front door;
    f. To install and put down proper flooring outside its front door which had a non slip surface.

15. That the negligent conditions, to wit: a slippery floor remained on the floor for a sufficient length of time causing a slipping hazard for those persons such as the Plaintiff, MORENO, who traversed the floor.

16. That the negligent condition was known to the Defendant, WALMART, or had existed for a sufficient length of time such that the Defendant should have known of it. Alternatively, the Defendant, WALMART, caused the dangerous condition.

17. Further, at all times material hereto, the Defendant, WALMART, owed a duty to warn the Plaintiff, MORENO, of the dangerous conditions described herein, yet failed to do so.

18. As a direct and proximate result of the Defendant, WALMART's negligence, the Plaintiff, MORENO, was injured in and about her body and extremities, suffered bodily injury and resulting pain and suffering, disability and mental anguish, loss of capacity for the enjoyment of life, expenses of hospitalization, medical and nursing care and treatment, incurred medical expenses in the treatment of her injuries, suffered physical handicap and

her working ability was impaired, lost wages in the past and loss of future earnings capacity, and her injuries are either permanent or continuing in nature and the Plaintiff, MORENO, will suffer the losses and impairments in the future.

**WHEREFORE**, Plaintiff, MORENO, demands judgment for damages against Defendant, WALMART, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

          **BERNSTEIN AND MARYANOFF**
9415 Sunset Drive, Suite 226
Miami, Florida  33173
Telephone: (305) 252-6700 Ext. 211
Facsimile:  (305) 252-6715

By:    s / *MANNY ARCE*
        Manny Arce, Esq.
        Fl. Bar No.: 98441
        MannyArce@911injured.com
        Elizabeth@911injured.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on August 30, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served via certified process server on the Defendant.

By:    s / *MANNY ARCE*
        Manny Arce, Esq.